UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GARY CAYETANO

                Plaintiff,

**AMENDED VERIFIED COMPLAINT**

-against-

14-CV-06877 (JG) (JO)

CITY OF NEW YORK and NEW YORK CITY POLICE
OFFICER JUSTIN FELDMAN, shield # 3843 and POLICE
OFFICER TINA CORTESE, shield #1935

                Defendants,

----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, Police Officer JUSTIN FELDMAN, shield # 3823 and Police Officer TINA CORTESE, SHIELD # 1935, arising out of the false arrest, assault, battery and false imprisonment of GARY CAYETANO, the complainant herein.

2. On November 3, 2012, at approximately 0251hours, Police Officer Justin Feldman and Police Officer Tina Cortese, all of them New York City Police Officers, acting under the color of State law, intentionally and willfully subjected the Plaintiff to, <u>inter alia</u>, assault, battery, excessive force, false arrest, false imprisonment and detention for acts of which the Plaintiff was innocent.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. Sections 1983 and

1

1985, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over Plaintiff's state law claims is asserted.

4. The amount in controversy exceeds $75,000.00 excluding interest and cost.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the Defendant City of New York and the Police Department of the City of New York is located within the Eastern District of New York and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. That at all times mentioned herein, the Plaintiff GARY CAYETANO, was and still is a resident of the County of Richmond, City and State of New York.

7. That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing pursuant to the Constitution and Laws of the State of New York

8. That at all times hereinafter mentioned, the Defendant, City of New York, was and still is a municipal corporation doing business in the State of New York.

9. That at all times hereinafter mentioned, the individual Defendants, Police Officer Justin Feldman, shield #3843 and Police Officer Tina Cortese were at all times relevant hereto, employees of the City of New York as police officers.

10. At all times mentioned herein, defendants were acting under the color of state law, to wit. Under color of the statutes, ordinances, regulations, policies, custom and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On November 3, 2012, the Defendants maliciously and with intent to injure the Plaintiff forcibly arrested the Plaintiff at the front of 40 Prospect Street, Staten Island, New York, forcibly detained the Plaintiff, subjected him to assault and battery, used excessive force to imprison and detained him there, restrained him of his liberty, without any right to do so, and against the will of the Plaintiff. The arrest was specifically made by officer Feldman.

12. That on or about November 3, 2012, the defendants, their agents and employees wrongfully and falsely accused the Plaintiff GARY CAYETANO of the crimes of Disorderly Conduct, Obstruction of Governmental Administration, 2nd Degree and Resisting Arrest, among other charges.

13. That the said arrest and imprisonment was caused by the Defendants, their agents, servants and employees without a warrant, or other legal process, without probable cause and without authority of the law and without reasonable cause or belief that the Plaintiff GARY CAYETANO was indeed guilty of the aforesaid crimes.

14. That the Defendants, their agents, and employees acting within the scope of their authority and within the scope of their employment, wrongfully, unlawfully and without a sufficient charge having been made against him, detained and imprisoned the Plaintiff GARY CAYETANO and directed that he be placed under arrest.

15. That the Defendants, their agents and employees had the opportunity to know or should have known that the Plaintiff GARY CAYETANO was wholly innocent of the aforesaid criminal charges and did not contribute in any way to the conducts of Defendants, their agents

and employees and was forced by the Defendants to submit to the aforesaid arrest.

16. That on or about November 3, 2012, the Defendants, their agents and employees intended to confine the Plaintiff, that the Plaintiff was conscious of said confinement and did not consent to the confinement and said confinement was not otherwise privileged.

17. That by reason of the false arrest, malicious prosecution, false imprisonment and detention of the Plaintiff, the Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with the various crimes, and greatly injured in his character, credit and circumstances and has been prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain both in mind and body, and loss of employment opportunities.

18. That on or after November 3, 2012 the Defendants, their agents and employees maliciously prosecuted and detained the Plaintiff GARY CAYETANO without any just grounds therefore.

**19. That the Plaintiff was and is wholly innocent and was forced by the Defendants, their agents and employees to submit to court proceedings for a protracted period of time until the case was Adjourned in Contemplation of Dismissal by a judge in the criminal court.**

20. That the said criminal charges and prosecution were instituted and procured by the Defendants, their agents and employees unlawfully, intentionally, maliciously, in bad faith and without any reasonable or probable cause whatsoever and with grossly negligent disregard for Plaintiff's rights, and in violation of the civil and constitutional rights of the Plaintiff, and that the commencement and continuation of the criminal proceedings by the Defendants, their agents

and employees against the Plaintiff GARY CAYETANO was without probable cause, with actual malice and was terminated in favor of the Plaintiff.

21. That by reason of the foregoing malicious prosecution, the Plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up for scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and was caused to lose financially, all to his damage otherwise.

22. At no time did the Plaintiff offer resistance as Police Officer JUSTIN FELDMAN Police Officer TINA CORTESE and other police officers assaulted and arrested the Plaintiff.

23. The arrest of the Plaintiff was committed by the Defendants without an arrest warrant or other legal process and without probable cause.

24. The Plaintiff remained in custody for more than 24 HOURS before being brought before a judge in criminal court and released.

## FIRST CAUSE OF ACTION
### (EXCESSIVE FORCE )

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Upon approaching the Plaintiff and arresting him, Defendants made Plaintiff fear for his physical well being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

27. That the defendant officers used excessive force to arrest the Plaintiff in that they physically abused and beat the hell out of Plaintiff in that each of the officers herein named used their fist to punch the Plaintiff in the mouth and beat the plaintiff with their batons, causing the

5

Plaintiff to suffer serious injuries.

28. That the defendant officers brutally handcuffed the Plaintiff causing him pain and numbness to his wrist and that when Plaintiff requested that they loosen the handcuffs the officers refused.

29. Defendants have deprived the Plaintiff of his civil, constitutional and statutory rights and are liable to the Plaintiff under 42 U.S.C. Section 1983 and 1985 and the New York State Constitution.

30. Plaintiff was damaged by the Defendant's assault in the amount of Three Hundred Thousand ($300,000.00 ) Dollars.

## SECOND CAUSE OF ACTION
### (BATTERY)

31. Paragraphs 1 through 28 are incorporated herein by reference.

32. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him.

33. Defendants used excessive and unnecessary force with the Plaintiff, tackling him to the ground, punching him in the face and forcing Plaintiff to submit to their will.

34. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to the Plaintiff under 42 U.S.C. Section 1983 and 1985 and the New York State Constitution.

35. Plaintiff was damaged by the battery of the Defendants in the amount of Three Hundred Thousand ($300,000.00 ) Dollars.

## THIRD CAUSE OF ACTION
### (FALSE ARREST)

36. Paragraphs 1 through 33 are incorporated by reference.

37. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

38. The defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. Sections 1983 and 1985 and the New York State Constitution.

39. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of Three Hundred Thousand ($300,000.00) Dollars.

## FOURTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

40. Paragraphs 1 through 37 are incorporated herein by reference.

41. The Defendant City of New York is liable for damages suffered by the Plaintiff as a result of the conduct of its employees, agents and servants and the others whose names are currently unknown.

42. The Defendant City of New York knew or should have known of their employees' agents' or servants' propensity to engage in the illegal and wrongful acts detailed above.

43. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers to make, false entries in official department records to cover up and hide their wrongful conduct; defendants committed such actions with a racially discriminatory motive and manner.

44. Defendant City of New York has failed to take the steps to discipline, train, supervise

7

or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar case involving misconduct.

45. Defendant City of New York has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar case involving police misconduct.

46. Defendants subjected Plaintiff to false arrest, assault and battery, false imprisonment solely on the basis of his race, ethnic background and/or color.

47. Plaintiff has been damaged as result of the wrongful, negligent and illegal acts of the Defendant City of New York in the amount of Three Hundred Thousand ($300,00.00 ) Dollars.

## FIFTH CAUSE OF ACTION
### (42 U.S.C. Sections 1981 & 1983)

48. Paragraphs 1 through 45 are incorporated herein by reference.

49. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to the Plaintiff under 42 U.S.C. Sections 1981 and 1983 and the New York State Constitution.

50. Defendants' conduct was motivated by anti-Black American animus.

51. Plaintiff was mistreated by defendants due to his ethnic background.

52. Plaintiff has been damaged as a result of the defendants' wrongful acts in the amount of Three Hundred Thousand ($300,000.00.) Dollars.

## SIXTH CAUSE OF ACTION
### MALICIOUS PROSECUTION

53. Paragraphs 1 through 50 are incorporated herein by reference

8

54. That the said criminal charges, prosecution were instituted and procured by the defendants and their agents unlawfully, intentionally, maliciously, in bad faith and without any reasonable or probable cause whatsoever and with gross negligent regard of Plaintiff's rights, and in violation of the civil and constitutional rights of the Plaintiff, and that the commencement and continuation of the criminal proceedings by the Defendants and their agents against the Plaintiff GARY CAYETANO was without probable cause , with actual malice and was terminated in favor of the Plaintiff. As a result Plaintiff has been damaged in the amount of $300,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in the amount of Three Hundred Thousand ($300,000.00) Dollars on each of Plaintiff's Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) Dollars on each of Plaintiff's Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, cost and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Staten Island, New York
April 20, 2015

*[signature]*

PHILIP O. OHENE, Esq.
Attorney for Plaintiff
805 Castleton Avenue
Staten Island, NY 10310
(718) 727-6607

9

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within _____ has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am _____ the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

*The name signed must be printed beneath*

STATE OF NEW YORK, COUNTY OF **RICHMOND** ss.:

I, _Gary Cayetano_ being duly sworn, depose and say: I am **complainant**

☒ **Individual Verification** in the within action; I have read the foregoing **X Amended Verified Complaint** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Contents in the file of my attorney

Sworn to before me on
*Philip Ohene*
4-20-15
Philip Ohene
Notary Public State of New York
NO 02OH5025382
Qualified in Richmond County
Commission Expires March 28, 2018

*The name signed must be printed beneath*

**GARY CAYETANO**

STATE OF NEW YORK, COUNTY OF _____ ss.:   (If more than one box is checked — indicate after names type of service used.)

I, _____ being sworn, say: I am not a party to the action, am over 18 years of age and reside at _____

On _____ 19___ I served the within

☐ **Service By Mail** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

☐ **Personal Service on Individual** by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service By Electronic Means** by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

☐ **Overnight Delivery Service** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of _____ for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Case 1:14-cv-06877-JG-JO    Document 17    Filed 04/22/15    Page 11 of 11 PageID #: 70